UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TERRON RAWLS,**

    **Petitioner,**

v.                                           **Case No: 6:17-cv-106-Orl-31TBS**

**SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,**

    **Respondents.**
_____/

**ORDER**

This case is before the Court on Petitioner Terron Rawls' Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response to the Petition ("Response to Petition," Doc. 8) in compliance with this Court's instructions. Petitioner filed a Reply to the Response ("Reply," Doc. 11).

Petitioner asserts eight grounds for relief. For the following reasons, the Petition is denied as untimely.

**I.    PROCEDURAL HISTORY**

A jury found Petitioner guilty of burglary of a dwelling (Count One), theft of property of $300 or more but less than $500 (Count Two), possession of burglary tools (Count Three), criminal mischief (Count Four), and resisting an officer without violence (Count Five). (Doc. 9-2 at 110-114.) The state court sentenced Petitioner to life in prison as a prison releasee reoffender for Count One, to concurrent ten-year terms of imprisonment for Counts Two through Four, and to a concurrent 364-day term of

imprisonment for Count Five. (Doc. 9-3 at 5-8.) Petitioner appealed, and on March 5, 2013, the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*. (Doc. 9-4 at 186.)

On April 23, 2013, Petitioner filed a motion for reduction of sentence pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure.[1] (Doc. 9-4 at 190.) The state court denied the motion on April 26, 2013. (Id. at 194.) Petitioner did not appeal.

On March 13, 2014, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, which he amended. (Doc. 9-5 at 2-49.) The state court denied the motion after an evidentiary hearing. (Doc. 9-7 at 24-40.) Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (Doc. 9-8 at 142.) Mandate issued on August 29, 2016. (Doc. 9-9 at 8.)

While his Rule 3.850 motion was pending, Petitioner file motions to correct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure on March 31, and July 22, 2014. (Doc. Nos. 9-5 at 53-57; 9-6 at 10-12.) The state court denied the motions and subsequently denied Petitioner's motion for rehearing on August 11, 2016. (Doc. Nos. 9-9 at 132-35; 9-11 at 6.) Petitioner did not appeal.

---

[1] This is the filing date under Florida law. *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[H]enceforth we will presume that a legal document submitted by an inmate is timely filed if contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date. . . . This presumption will shift the burden to the state to prove that the document was not timely placed in prison officials' hands for mailing."); *see also Crews v. Malara*, 123 So. 3d 144, 146 (Fla. 1st DCA 2013) (holding that the prison date stamp on the prisoner's petition rebutted presumption that it was delivered on the date contained on the certificate of service).

On August 29, 2014, Petitioner also filed a state habeas petition while his Rule 3.850 motion was pending. (Doc. 9-9 at 10-29.) The Fifth DCA summarily denied the petition. (*Id.* at 122.) The Fifth DCA denied Petitioner's motion for rehearing on February 18, 2015. (*Id.* at 130.)

On September 14, 2016, Petitioner filed a state petition for writ of habeas corpus in the circuit court. (Doc. 9-11 at 9-15.) On November 8, 2016, the state court dismissed the petition as untimely and successive. (*Id.* at 18-19.) Petitioner did not appeal.

Petitioner filed the Petition on January 19, 2017. (Doc. 1).

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d)(1)-(2).

In the present case, the Fifth DCA affirmed Petitioner's convictions on March 5, 2013. Petitioner then had ninety days, or through June 3, 2013, to petition the Supreme Court of the United States for writ of certiorari. *See* Sup. Ct. R. 13.[2] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on June 3, 2013, and Petitioner had through June 4, 2014, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the Supreme Court of the United States has expired).

Under § 2244(d)(2), the limitations period tolls during the pendency of "properly filed" state collateral proceedings. When Petitioner filed his Rule 3.850 motion on March 13, 2014, 283 days of the one-year limitations period had expired. The time was tolled

---

[2]Rule 13 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

through the pendency of several of Petitioner's post-conviction proceedings. The last of these matters concluded on September 12, 2016,[3] when the time expired for Petitioner to appeal the denial of his Rule 3.800(a) motions. At that time, Petitioner had 82 days remaining to timely file his Petition or until December 5, 2016.[4]

The Court is aware that Petitioner filed a state habeas petition on September 14, 2016. However, it was not "properly filed" because the state court found it to be untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (determining that an untimely state post-conviction proceeding is not "properly filed" within the meaning of § 2244(d)(2)); *see also Sykosky v. Crosby*, 187 F. App'x 953, 958 (11th Cir. 2006) ("Because [petitioner's] Rule 3.850 motion was untimely under state law, it was not 'properly filed' for purposes of § 2244(d)(2) and did not toll AEDPA's statute of limitations."). Therefore, the petition did not toll the limitation period.

Petitioner contends that he is entitled to equitable tolling. (Doc. 11 at 2-4.) In support of this argument, Petitioner notes that he was transferred to another facility on February 15, 2016, and did not obtain his legal records until March 1, 2016. (*Id.* at 2.)

The Supreme Court of the United States has held that the AEDPA's one-year statutory limitation period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is

---

[3] Petitioner had thirty days to appeal the August 11, 2016 denial of his motion for rehearing, which concluded on September 10, 2016, a Saturday. Therefore, Petitioner had until the following Monday, September 12, 2016, to file an appeal.

[4] Petitioner's limitation period concluded on December 4, 2016, a Sunday. Consequently, Petitioner had until December 5, 2016, to timely file his Petition.

appropriate when a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace,* 544 U.S. at 418). "The diligence required for equitable tolling purposes is 'reasonable diligence,'. . . 'not maximum feasible diligence. . . .'" *Id.* at 653 (internal quotations and citations omitted). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). "[T]he reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling." *Cadet v. Fla, Dep't of Corr.,* 853 F.3d 1216, 1225 (11th Cir. 2017) (citing *Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. __, 136 S. Ct. 750, 757 n.5 (2016)).

As explained by the Eleventh Circuit:

> It is well settled that "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin,* 633 F.3d at 1268. A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida,* 677 F.3d 1097, 1099 (11th Cir. 2012). "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.* In light of the petitioner's burden, district courts are not "required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface." *Chavez,* 647 F.3d at 1061.

*Lugo v. Sec'y, Fl. Dep't of Corr.*, 750 F.3d 1198 (11th Cir. 2014).

Petitioner has not demonstrated that some extraordinary circumstance prevented him from timely filing his petition. Petitioner's contention that he did not have his legal documents for approximately twenty days simply does not rise to the level of

extraordinary circumstances beyond his control which warrant equitable tolling of the one-year limitations period. *See, e.g., Miller v. Florida,* 307 F. App'x 366, 368 (11th Cir. 2009); *Paulcin v. McDonough,* 259 F. App'x 211, 213 (11th Cir. 2007) ("Paulcin asserted only the conclusory allegation that he was denied access to the [law] library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding."); *Dodd v. United States,* 365 F.3d 1273, 1282–83 (11th Cir. 2004) (stating "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."); *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (one-year limitations period is not equitably tolled based on prison lockdowns or misplacement of legal papers). Furthermore, Petitioner had his legal documents before his state post-conviction proceedings were final. Therefore, Petitioner's brief separation from his legal documents clearly did not prevent him from timely filing his petition once his state collateral proceedings concluded.

Likewise, Petitioner has not shown he exercised due diligence. Petitioner had 82 days remaining to timely file his petition when his properly filed post-conviction proceedings concluded. Petitioner, however, waited almost four months before he filed the Petition. Petitioner, therefore, is not entitled to equitable tolling. Accordingly, the Petition will be dismissed as untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file a petition within the one-year period of limitation that are not specifically addressed herein are without merit.

### III. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED** and **ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH**

**PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on February 12, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-1
Counsel of Record
Unrepresented Party